UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VHS ACQUISITION SUBSIDIARY NUMBER 7, INC.,**

    **Plaintiff,**

v.                                                          Case No.: 8:12-CV-32-T-27EAJ

**MSS CONSULTING SERVICES, INC., et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant James M. Rexroat's **Special Appearance and Motion to Set Aside Judgment** (Dkt. 27), Plaintiff's **Memorandum in Opposition** (Dkt. 32), and Defendant's **Reply** (Dkt. 39).[1] An evidentiary hearing was held on November 8, 2012.

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Defendant James M. Rexroat ("Rexroat") asks the Court to set aside the final default judgment entered against him on May 31, 2012 for insufficient service of process resulting in a void judgment. VHS Acquisition Subsidiary Number 7, Inc., doing business as Saint Vincent Hospital, ("Plaintiff") asserts that the motion should be denied because Rexroat failed to meet his burden of proving that the judgment is void for lack of service.

On October 16, 2012, the Court set an evidentiary hearing on the motion for November 8, 2012. (Dkt. 42) On October 31, 2012, Rexroat's counsel, Richard Wilkes ("Attorney Wilkes"), filed a motion to withdraw as counsel for Rexroat and requested a thirty (30) day stay of the proceedings

---

[1] This matter has been referred to the undersigned for a report and recommendation. (Dkt. 34) See 28 U.S.C. § 636(b) (2009); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

to allow Rexroat an opportunity to obtain new counsel. (Dkt. 50)  On November 5, 2012, the Court granted Attorney Wilkes' motion to withdraw as counsel for Rexroat, but denied the requested stay. (Dkt. 52)

Rexroat failed to appear on November 8, 2012 for the evidentiary hearing.  He also failed to comply with the Court's order directing him to provide discovery to Plaintiff. (Dkt. 49)  For this reason and the reasons below, the Court recommends that the motion be denied.

**Background**

Plaintiff filed a complaint against MSS Consulting Services, Inc. ("MSS"), Modern Staffing & Security, Inc. ("Modern"), and Rexroat (collectively "Defendants") alleging breach of contract. MSS, an administratively dissolved corporation, and Modern, the successor-in-interest to MSS, provide supplemental staffing and security services for hospitals facing labor strikes.  Rexroat is the President of MSS and Modern.

On January 10, 2012, the process server, Raymond Feliciano ("Feliciano") served Modern, in the care of Rexroat as the registered agent, by delivering the summons and complaint with exhibits to 15 Paradise Plaza, Suite 312, Sarasota, FL 34239. (Dkt. 4)  In the return of service as to Rexroat, Feliciano states that he served Rexroat, 414 Island Circle, Sarasota, FL 34242 ("414 Island Circle") on February 15, 2012 at 6:30 p.m. when  Rexroat was sitting in a car registered to Rexroat. (Dkt. 14)

On March 29, 2012, Plaintiff moved for entry of clerk's default against Rexroat, and the Clerk entered default on March 30, 2012. (Dkts. 15, 16)  Plaintiff moved for default judgment against Defendants on May 8, 2012, and this Court entered Final Default Judgment against Defendants on May 31, 2012. (Dkts. 17, 19)  On June 18, 2012, Plaintiff filed its Ex Parte Motion

for Writ of Garnishment, and the Court granted the motion on July 30, 2012. (Dkts. 20, 22) On August 23, 2012, Wells Fargo Bank, N.A., filed its Amended Answer of Garnishee, stating that it was holding $76,382.43 in the name of MSS. (Dkt. 25)

On August 30, 2012, Rexroat filed this motion to set aside the default judgment. (Dkt. 27) Rexroat attached the affidavit of Yuly Shtarkman ("Shtarkman") contending that Shtarkman's affidavit shows that Shtarkman was the person served, not Rexroat, and that service was executed on the wrong individual. Shtarkman states that he moved into 414 Island Circle, a residence owned by Rexroat, in September 2011 and that Rexroat has not lived at 414 Island Circle since that time. (Dkt. 27 Ex. 1, Shtarkman Aff. ¶¶ 2-4) On February 15, 2012, Shtarkman was driving Rexroat's vehicle when a man approached him without identifying himself and asked if he was Rexroat. (Id. ¶ 5) Shtarkman stated that he was not Rexroat, and the man responded "Yes, you are." (Id. ¶ 6-7) The man gave Shtarkman documents, did not identify the documents, and left after leaving the documents with Shtarkman. (Id. ¶ 8)

In response, Plaintiff provides the affidavit of the process server, Feliciano, who states that he visited 414 Island Circle to serve Rexroat on three occasions. (Dkt. 32 Ex. 1, Feliciano Aff. ¶¶ 5-7) On January 10, 2012, a woman who opened the door at 414 Island Circle stated that she was a family member who was staying there, but not living there, and Rexroat was out of town for a couple of weeks and to try back then. (Id. ¶ 5) On January 25, 2012, a man opened the door at 414 Island Circle and told Feliciano that Rexroat was still out of town. (Id. ¶ 6) On February 15, 2012, Feliciano served a man seated in a car registered to Rexroat in the driveway of 414 Island Circle. (Id. ¶ 8) Feliciano asked if the man was Rexroat and the man did not deny it. (Id. ¶ 11) Feliciano told the man he was serving him with legal papers, and the man refused to take them and began

shouting obscenities, including "F_ _ _ you." (Id. ¶ 12) A woman in the front passenger seat of the car got out of the car and threw the legal documents on the ground. (Id. ¶¶ 8, 14) Feliciano picked up the legal documents and inserted them into the handle of the front door of the residence as the man drove away. (Id. ¶ 15)

In reply, Rexroat alleges in an affidavit that: (1) on January 29, 2011, he moved to Los Angeles, California and began leasing the house at 414 Island Circle as a vacation rental; (2) he has not lived at 414 Island Circle since he moved to California; (3) he and his wife began leasing a property in Los Angeles, California in July 2011 and have lived there ever since; (4) Shtarkman began leasing 414 Island Circle on September 1, 2011; (5) he was never served with any papers in this matter; and (6) he was not in the State of Florida on February 15, 2012. (Dkt. 39 Ex. 2, Rexroat Aff. ¶¶ 1-8)

Rexroat also filed the affidavit of Susan Foster, who authenticates email correspondence between counsel. (Dkt. 39 Ex. 1, Foster Aff. ¶¶ 3-5) The emails reveal that Rexroat's counsel emailed Plaintiff's counsel a photograph that showed both Shtarkman and Rexroat together. (Dkt. 39 Ex. 1) Plaintiff's counsel replied to the email admitting that the process server "couldn't definitively tell the two men apart." (Id.)

**Discussion**

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding when, among other reasons, "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). "[T]he burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies

4

with the party raising the challenge." Ostane v. Jim Wright Marine Constr., Inc., No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010). If a plaintiff makes a prima facie showing of proper service, the burden shifts back to the defendant to present strong and convincing evidence of insufficient process. Hollander v. Wolf, No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009).

Rule 4(e)(1) should be broadly construed where the defendant received notice of the suit. Nowell v. Nowell, 384 F.2d 951, 953 (5th Cir. 1967).[2] "Courts are to construe this rule liberally to effectuate service where actual notice of the suit has been received by the defendant." Hollander, 2009 WL 3336012, at *2 (citation and internal quotation marks omitted). However, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam).

Service of process is made by: (1) following state law for service or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally, or (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e); see also Fla. Stat. § 48.031(1)(a) (2012) (permitting service by personal delivery or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents).

The affidavits are arguably conflicting as to the individual served by Feliciano on February 15, 2012. Based on the record, Feliciano's more specific affidavit is much more credible as opposed

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit made prior to October 1, 1981.

to the affidavits of Shtarkman and Rexroat.

Even assuming Shtarkman was the individual served, Rexroat was properly served pursuant to Rule 4(e)(2)(B). Shtarkman is of suitable age and discretion who resides at 414 Island Circle. Service was not improper merely because the process server served Shtarkman in a car on the driveway of the residence. See Rokeach v. Glickstein, 718 So. 2d 831, 832 (Fla. 4th DCA 1998).

Based on the preponderance of the evidence, 414 Island Circle is Rexroat's "dwelling house or usual place of abode" and Rexroat resided at this address when served with process. Rexroat owns the residence and has claimed a Florida homestead exemption on the home for the year 2012. (Dkt. 32 Ex. 2) The woman who answered the door on January 10, 2012 told the process server that Rexroat was out of town for a couple of weeks, and the man at the door on January 25, 2012 told the process server that Rexroat was still out of town. (Feliciano Aff. ¶¶ 5-7) Rexroat is listed as the sole registered agent for Modern, and 15 Paradise Plaza, Suite 312 is the only address listed for the registered agent. (Dkt. 32 Ex. 2) Pursuant to Florida law, Rexroat is required to be at this address each business day, which is just over six miles away from 414 Island Circle. Attorney Wilkes filed notice of the current mailing addresses for Rexroat as 414 Island Circle, Sarasota, Florida 34242 and 8306 Wilshire Blvd., #443, Beverly Hills, California 90211. (Dkt. 53) The Beverly Hills address is not a residence; it is a mail box rental.[3] (Dkt. 54 Ex. 2)

Rexroat has not shown that he had no notice of the lawsuit, or that he did not know he was being sued, nor could Rexroat credibly make this argument. He is the President and registered agent

---

[3] Even assuming that Rexroat was living in California at the time of service, "where a temporary residence is established away from the normal or usual residence the 'place of abode' is the usual residence regardless of the fact that defendant may be occupying the temporary residence at the time of service." McFadden v. Shore, 60 F. Supp 8, 9 (E.D. Pa. 1945) (citations omitted).

of Modern that was served in the care of Rexroat. (Dkt. 4)  Plaintiff sent the Motion for Entry of Default to Rexroat by U.S. mail to 414 Island Circle. (Dkt. 15)  Under these circumstances, Rule 4(e) should be broadly construed.  See Nowell, 384 F.2d at 953; Hollander, 2009 WL 3336012, at *2.

Rexroat has failed to meet his burden of proving that the default judgment is void pursuant to Federal Rule of Civil Procedure 60(b)(4).  Accordingly, the motion should be denied.

### Sanctions

Based on the conflicting affidavits, Rexroat's failure to attend the hearing, and his failure to comply with the discovery requests, the Court may wish to consider a sua sponte show cause order directing Rexroat to show cause why he should not be sanctioned for his filings in connection with the Motion to Set Aside Judgment.  See Fed. R. Civ. P. 11; 37.

### Conclusion

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Defendant James M. Rexroat's Special Appearance and Motion to Set Aside Judgment (Dkt. 27) be **DENIED**.

**Dated: November 9, 2012**.

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).